IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| STEVEN M., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:25-cv-00057-BT |
| | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Steven M.'s[1] civil action seeking judicial review

under 42 U.S.C. § 405(g) of a final adverse decision by the Commissioner of Social

Security. For the reasons explained below, the Commissioner's decision is

**REVERSED**.

### *Background*

Plaintiff alleges that he is disabled due to chronic obstructive pulmonary

disease (COPD), hypertension, degenerative joint disease in his left hand, and

alcohol abuse in remission. Admin. R. at 101 (ECF No. 10-1).[2] Plaintiff was born in

---

[1] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018, Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.
[2] Citations to the administrative record refer to the CM/ECF page numbers at the top of each page rather than page numbers at the bottom of each filing.

1963 and alleges an amended disability onset date of October 9, 2019. *Id.* at 25, 119. Plaintiff has a high school education. *Id.* at 120.

Plaintiff applied for disability insurance benefits (DIB) on April 10, 2020, and supplemental security income (SSI) on July 27, 2023, under Title II and XVI of the Social Security Act (the "Act"). *Id.* at 376–77 (application for DIB), 390–95 (application for SSI). His claims were denied initially and upon reconsideration. *Id.* at 168, 179. Thereafter, Plaintiff requested a hearing before an Administrative Law Judge (ALJ), who conducted a hearing by telephone on February 29, 2024. *Id.* at 182 (request for hearing); 116–17 (consenting to hearing by telephone).

On March 22, 2024, the ALJ issued a decision finding that Plaintiff has not been under a disability within the meaning of the Act from his alleged amended onset disability date through the date of the decision, and thus not entitled to DIB or SSI. *Id.* at 107. As an initial matter, the ALJ found that Plaintiff met the insured status requirements under the Act on December 31, 2023. *Id.* at 100. Using the five-step sequential evaluation, the ALJ first found that Plaintiff had not engaged in substantial gainful activity for a continuous 12-month period. *Id.* at 101. At the second step, the ALJ noted that Plaintiff experienced a severe combination of impairments, including "chronic obstructive pulmonary disease/emphysema, hypertension, left hand degenerative joint disease/arthralgia, and alcohol abuse in remission by self-report." *Id.* At the third step, the ALJ determined that Plaintiff's impairments did not meet or medically equal any listed impairment in appendix 1 of the social security regulations. *Id.*

Before proceeding to step four, the ALJ found that Plaintiff had the residual

functional capacity (RFC)

> to perform a full range of work at all exertional levels but with the
> following nonexertional limitations: he could use his non-dominant
> left upper extremity for feeling on a frequent but not constant basis.
> He could utilize his non-dominant left upper extremity for gross and
> fine manipulation only [on] an occasional basis. The [Plaintiff] was
> required to avoid concentrated exposure to environmental irritants,
> unprotected heights, and hazardous machinery, and was limited to
> performing simple, routine, and repetitive tasks, in a work
> environment involving only simple work related decisions.

*Id.* at 103. Finally at step five, relying on the testimony of a vocational expert (VE),

the ALJ determined that Plaintiff had the ability to perform the jobs of package

sealer, sales route driver helper, and counter supply clerk, and that such jobs

existed in significant numbers in the national economy. *Id.* at 106.

Plaintiff appealed the ALJ's decision to the Appeals Council. *Id.* at 370

(request for review); 12–16 (decision of Appeals Council). The Appeals Council

agreed and adopted the ALJ's findings on Plaintiff's disability. *Id.* at 12–13.[3]

Plaintiff then filed this action in federal district court.

### *Legal Standard*

Judicial review of the Commissioner's findings is limited to whether the

decision to deny benefits is supported by substantial evidence and whether the

proper legal standards were used. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.

---

[3] The Appeals Council found that the ALJ "erroneously limited the disability
inquiry to the period only through December 31, 2023." Admin R. at 12 (ECF No.
10-1). However, the Appeals Council otherwise agreed with and adopted the ALJ's
"findings and conclusions regarding whether [Plaintiff] is disabled[.]" *Id.* at 12–13.

1994) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (quoting *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992)). The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236. "[A]n ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ." *Corpany v. Colvin*, 2014 WL 1255316, at *9 (N.D. Tex. Mar. 26, 2014) (McBryde, J.) (citing *Dollins v. Astrue*, 2009 WL 1542466, at *5 (N.D. Tex. June 2, 2009) (McBryde, J.)).

"Nevertheless, the substantial evidence review is not an uncritical 'rubber stamp' and requires 'more than a search for evidence supporting the [ALJ's] findings.'" *Hill v. Saul*, 2020 WL 6370168, at *6 (N.D. Tex. Sept. 29, 2020) (Ramirez, J.) (quoting *Martin v. Heckler*, 748 F.2d 1027, 1031 (5th Cir. 1984)), *adopted by* 2020 WL 6363878 (N.D. Tex. Oct. 29, 2020) (Lindsay, J.). The Court "must scrutinize the record and take into account whatever fairly detracts from the substantiality of the evidence supporting" the ALJ's decision. *Id.* A no-substantial-evidence finding is appropriate only if there is a "conspicuous absence of credible

choices" or "no contrary medical evidence." *Id.* (quoting *Johnson v. Bowen,* 864 F.2d 340, 343 (5th Cir. 1988) (per curiam)).

### *Analysis*

On appeal, Plaintiff makes two arguments. First, Plaintiff contends that the ALJ's RFC determination is based on the ALJ's own lay interpretations and opinions rather than the required substantial evidence. Pl.'s Br. at 5–12 (ECF No. 11). Second, Plaintiff contends that the ALJ did not resolve an obvious conflict between the VE's testimony and the Dictionary of Occupational Titles. *Id.* at 12–15. In response to both arguments, the Commissioner argues that substantial evidence supports the ALJ's determinations. Def.'s Br. at 3, 6 (ECF No. 12). As the first argument is dispositive and requires remand, the Court pretermits discussion of Plaintiff's second argument.

The purpose of assessing a claimant's RFC is to determine the work that can be performed despite recognized limitations. *Myers v. Apfel,* 238 F.3d 617, 620 (5th Cir. 2001) (per curiam); 20 C.F.R. § 404.1545(a)(1). "The RFC determination is a combined 'medical assessment of an applicant's impairments with descriptions by physicians, the applicant, or others of any limitations on the applicant's ability to work.'" *Hill,* 2020 WL 6370168, at *6 (cleaned up) (quoting *Hollis v. Bowen,* 837 F.2d 1378, 1386-87 (5th Cir. 1988) (per curiam)). It "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." Social Security Ruling (SSR) 96-8p, 1996 WL 374184, at *1 (S.S.A. July 2, 1996). An individual's RFC should be

based on all the relevant evidence in the record, including opinions submitted by treating physicians or other acceptable medical sources. 20 C.F.R. § 404.1545(a)(3); *see also* SSR 96-8p, 1996 WL 374184, at *1.

In this case, the Court finds that ALJ's RFC determination is not supported by substantial evidence. The ALJ concluded that Plaintiff has the RFC "to perform a full range of work at all exertional levels[.]" Admin. R. at 103 (ECF No. 10-1). But the ALJ imposed the following nonexertional limitations: (1) Plaintiff "could use his non-dominant left upper extremity for feeling on a frequent but not consistent basis," and (2) Plaintiff "could utilize his non-dominant left upper extremity for gross and fine manipulation only [on] an occasional basis." *Id.* He further limited Plaintiff to "performing simple, routine, and repetitive tasks, in a work environment involving only simple work related decisions." *Id.* And he found that Plaintiff "was required to avoid concentrated exposure to environmental irritants, unprotected heights, and hazardous machinery." *Id.*

In reaching this decision, the ALJ points to Plaintiff's symptoms and the objective medical evidence. *Id.* The ALJ concluded that Plaintiff's "medically determinable impairments could reasonably be expected to cause certain of the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" *Id.* at 104.

Specifically as to the limitations posed to Plaintiff's use of his hands, the ALJ noted that imaging studies showed "mild to moderative degenerative changes in

6

his left hand," but the medical evidence showed Plaintiff's extremity strength and range of motion were normal, and Plaintiff did not indicate trouble using his left hand. *Id.* And regarding his COPD, the ALJ noted that Plaintiff's COPD was established in objective testing, but "respiratory findings have generally been essentially or entirely normal apart from intermittent [COPD] exacerbations." *Id.* The ALJ further noted that these normal COPD findings were made while Plaintiff engaged in cigarette smoking. *Id.*

The ALJ also based the limitations on Plaintiff's testimony that he had been employed or engaged in search of employment during the relevant period. *Id.* The ALJ found that Plaintiff engaged in various daily activities, including "meal preparation, pet care, shopping, driving, laundry, and the performance of small repairs and household chores, while denying that he had difficulties in such mental functions as memory, concentration, understanding, getting along with others, and following instructions." *Id.* Further, the ALJ cited a third-party function report from Plaintiff's friend stating that Plaintiff's impairments affected his "lifting, squatting, bending, walking, talking, stair climbing, and completing tasks," but that Plaintiff was still able to care for his personal hygiene and pet, prepare meals, perform household chores, follow instructions, manage stress, and work well with authority figures. *Id.* at 104–05.

Notably absent from the ALJ's decision is any medical source evidence on how Plaintiff's alleged symptoms affected his ability to work. The administrative record reveals that the state agency medical consultants found insufficient

evidence to determine Plaintiff's abilities and limitations. *Id.* at 105; *see also id.* at 151–53, 166–67 (noting insufficient evidence). And the ALJ stated that "[n]o treating, examining or reviewing medical or psychological source has opined that [Plaintiff] is more limited or less capable than is reflected" in the RFC. *Id.* at 105.

"There is no requirement that an ALJ's RFC finding must mirror or match a medical opinion." *Nic R. v. Kijakazi,* 2023 WL 2529930, at *3 (N.D. Tex. Feb. 21, 2023)* (citation omitted) (Rutherford, J.), *adopted by* 2023 WL 2531492 (N.D. Tex. Mar. 15, 2023) (Kinkeade, J.). "Even the absence of medical opinions does not necessarily render a record inadequate to support an ALJ's RFC determination." *Id.* at *5 (citing *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995) and *Joseph-Jack v. Barnhart*, 80 F. App'x 317, 318 (5th Cir. 2003) (per curiam)). But "as a non-medical professional, the ALJ is not permitted to 'draw his own medical conclusions from some of the data, without relying on a medical expert's help.'" *Kenneth S. v. Saul*, 2019 WL 3881618, at *5 (N.D. Tex. July 31, 2019) (Horan, J.) (quoting *Frank v. Barnhart*, 326 F.3d 618, 621–22 (5th Cir. 2003)), *adopted by* 2019 WL 3859653 (N.D. Tex. Aug. 15, 2019) (Lindsay, J.). ALJs must resist the urge to "play[ ] doctor" and make independent medical assessments. *Id.* at *7 (citation omitted); *see also Wanda K.W. v. Commissioner*, 2024 WL 1078300, at *3 (N.D. Tex. Feb. 22, 2024) (Toliver, J.) ("The ALJ also may not rely on her own unsupported opinion of the limitations the claimant's medical conditions might present."), *adopted by* 2024 WL 1078242 (N.D. Tex. Mar. 11, 2024) (Scholer, J.).

This is because "[c]ommon sense can mislead" and "lay intuitions about medical phenomena are often wrong." *Frank*, 326 F.3d at 622 (citation omitted).

Here, the record shows that the ALJ based his RFC decision on evidence that merely describes Plaintiff's medical conditions. *See, e.g.*, Admin. R. at 48 (ECF No. 10-2) (describing Plaintiff's degenerative changes in left hand as "moderate" and "mild"); 632 (describing Plaintiff's lung sounds as "clear"), 164 (stating that Plaintiff's "blood pressure is usually adequately controlled"); 163, 183, 214 & 225 (providing Plaintiff's lab results); 195 & 686 (describing Plaintiff's hypertension as "controlled"); 616 (noting that Plaintiff is on medication for COPD and CT showed bullous emphysema). But evidence that merely describes Plaintiff's impairments without discussing *how* those impairments limit his ability to work is insufficient to support the RFC determination. *See Antonio A. v. O'Malley*, 2024 WL 495260, at *5 (N.D. Tex. Feb. 7, 2024) (Rutherford, J.) (finding no foundational basis for RFC determination because there were "no medical opinions in the record regarding the effects of [p]lainitff's visual impairments on his ability to work," and therefore the Court concluded "that the ALJ relied on his own interpretation of the medical and other evidence"); *Wanda K.W.*, 2024 WL 1078300, at *3 (reversing ALJ's RFC determination because "there was no medical source evidence as to how [p]laintiff's mental limitations affected [the plaintiff's] ability to work"); *Donna A. v. Commissioner*, 2023 WL 5004867, at *6 (N.D. Tex. July 17, 2023) (Bryant, J.) (finding error where the ALJ's RFC finding rested only on the plaintiff's testimony and self-reporting history, observation and examination records from treatment

notes, and clinical test results without evidence that demonstrated the plaintiff's ability to work despite limitations), *adopted by* 2023 WL 5004073 (N.D. Tex. Aug. 4, 2023) (Hendrix, J.). The ALJ should have requested a "medical source statement" describing types of work the claimant is still capable of performing despite his condition. *Ripley*, 67 F.3d at 557. The Commissioner does not point to any medical source evidence supporting the ALJ's RFC analysis and makes no attempt to distinguish Plaintiff's cited cases. It appears that the ALJ based his RFC determination on his own opinion of the limitations Plaintiff's impairments might present without a foundational basis, and thus the RFC determination is not supported by substantial evidence.

Nevertheless, "[p]rocedural perfection in administrative proceedings is not required" and a court "will not vacate a judgment unless the substantial rights of a party have been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (per curiam) (citations omitted). Rather, "Plaintiff must show he was prejudiced by the ALJ's failure to rely on medical opinion evidence in assessing his RFC." *Antonio A.*, 2024 WL 495260, at *6 (citing *Mays*, 837 F.2d at 1364). Stated differently, "[t]o establish prejudice, he must show that the ALJ's failure to rely on a medical opinion" as to the effects his impairments had on his ability to work "casts doubt on the existence of substantial evidence supporting the disability determination." *Id.* (citing *McNair v. Comm'r of Soc. Sec. Admin.*, 537 F. Supp. 2d 823, 837 (N.D. Tex. 2008)).

Courts in this district and other districts throughout Texas have found that "the ALJ's failure to rely on a medical opinion concerning the claimant's RFC necessarily casts doubt on the disability determination." *Amy Y.*, 2023 WL 5209813, at *7 (N.D. Tex. July 25, 2023) (Bryant, J.) (collecting cases*); see also Sheila P. v. Bisignano,* 2026 WL 529285, at *7 (S.D. Tex. Jan. 8, 2026) (finding prejudice and remanding where ALJ made a physical RFC determination without evidence in the record clearly establishing the effect of the plaintiff's impairments on her ability to work), *adopted by* 2026 WL 528024 (S.D. Tex. Feb. 25, 2026); *Tiede v. Dudek,* 770 F. Supp. 3d 965, 971–73 (W.D. Tex. 2025) (finding prejudice and remanding where there was no medical opinion on the plaintiff's ability to work and the sole evidence on her ability to work came from her own testimony); *Antonio A.*, 2024 WL 495260, at *6 (finding prejudice and remanding where the administrative record lacked medical opinions on the effects of the plaintiff's impairments on his ability to work); *Donna A.*, 2023 WL 5004867, at *6 (finding prejudice and remanding where the administrative record did "not clearly establish how [p]laintiff's conditions impact[ed] her ability to perform medium work and there [were] no medical opinions to otherwise serve as a foundation for that decision"); *Stephen R. v. Commissioner,* 2025 WL 888496, at *5 (N.D. Tex. Mar. 21, 2025) (Toliver, J.) (finding prejudice and remanding where the ALJ appeared "to have relied upon his own interpretation of the medical record and testimonial evidence"). As in the above cases, the Court concludes that Plaintiff

was prejudiced by the ALJ's failure to obtain a medical opinion and remand is required.

Indeed, if the ALJ had fully developed the record by using the many options available to receive a medical opinion—a consultive examination, a medical source statement, an evaluation of the new records by state agency medical and psychological consultants, a treating source opinion, or interrogatories—the evidence could have led to a more limiting RFC. It is "conceivable," as Plaintiff contends, *see* Pl.'s Br. at 12 (ECF No. 11), that a medical expert after reviewing the evidence related to Plaintiff's pulmonary functioning would opine that Plaintiff could not do the lifting, carrying, standing, and/or walking required for medium exertion work. And if he were limited to performing light work, Plaintiff may be disabled under the Medical-Vocational grid rules. *Id.*

### *Conclusion*

For the reasons stated, the Court **REVERSES** the Commissioner's decision and **REMANDS** the case to the Commissioner for further proceedings.

**SO ORDERED.**

March 20, 2026.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

12